# MANDATE

S.D.N.Y.-N.Y.C.<br>
06-cv-10208<br>
Preska, J.<br><br>
00-cr-314<br>
Hellerstein, J.

United States Court of Appeals

FOR THE

SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

Present:

    Jon O. Newman,
    José A. Cabranes,
    Susan L. Carney,
        *Circuit Judges*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 30, 2018
```

Vasiliy Ermichine, AKA Vassya, AKA Blondie,

        *Petitioner*,

v.                                                          18-1306

United States of America,

        *Respondent*.

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion challenging his conviction for murder in aid of racketeering, based on new evidence. It is hereby ORDERED that the motion is DENIED because Petitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied.

First, he has not made a showing that the evidence upon which he relies—a co-conspirator's declaration and a March 1999 FBI report—is "newly discovered" within the meaning of the statute, because he has not explained when he first obtained the underlying information or why it was previously unavailable. *Herrera-Gomez v. United States*, 755 F.3d 142, 147 (2d Cir. 2014) (holding that "§ 2255 movants are required to act with 'due diligence' in investigating and presenting their claims based on newly discovered evidence").

Second, an in any event, even if the evidence is newly discovered, Petitioner has not made a prima facie showing that the evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1). Petitioner does not address all of the inculpatory evidence against him. *See Bell v. United States*, 296 F.3d 127, 129 (2d Cir. 2002) ("Because Bell provided no information about the evidence presented at his trial except stating that Hamilton was the government's 'chief witness,' he has not made a prima facie showing."). Nor does Petitioner address the fact that the co-conspirator's declaration contradicts the statements made by the co-conspirator during the co-conspirator's plea allocution and at a 2007 state court trial. Finally, Petitioner states in conclusory fashion that the FBI report exonerates him because it states that the murder took place in Brooklyn, rather than in New Jersey, but has made no showing that the report reflects anything other than a preliminary conclusion reached two years prior to commencement of his trial.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2