```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :    ORDER DENYING MOTION
                                                              :    FOR SUBPOENAS DUCES
           v.                                                 :    TECUM
                                                              :
VASILIY ERMICHINE,                                            :    00 Cr. 314-03 (AKH)
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On November 8, 1995, the Defendant, Vasiliy Ermichine, with Alexander Nosov and Natan Gozman, all members of Tatarin's Brigade, a Racketeering Organization, murdered Sergei Kobozev, a bouncer at a Brooklyn club. They lured him to a garage, where they beat Kobozev and Nosov shot him in the back. The three took his dying body to a friend's house in New Jersey, broke his neck, and buried him in the backyard. Nosov and Ermichine were tried together before the late Honorable Robert L. Carter and a jury and were found guilty of murder in aid of racketeering and other racketeering charges. *United States v. Nosov*, 119 F. App'x 311, 313 (2d Cir. 2004). The third member of the trio, Gozman, was a fugitive. Nosov and Ermichine were each sentenced to concurrent life sentences. ECF No. 40.

      Ermichine's direct appeal was denied by the Second Circuit. *Nosov*, 119 F. App'x 311. Ermichine's subsequent petition for Section 2255 review, alleging ineffective assistance of counsel and actual innocence based on newly discovered evidence, was denied by the district court. ECF No. 81. The Second Circuit affirmed. ECF No. 86. In 2018, Ermichine applied to the Second Circuit for leave to file a successive Section 2255 motion, again alleging "newly discovered evidence" demonstrating his innocence. The Second Circuit denied, finding that Ermichine had not made a showing that the evidence was "newly discovered" within the

meaning of the statute, and "in any event, even if the evidence is newly discovered, Petitioner has not made a prima facie showing that the evidence, 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense.'" *Ermichine v. United States*, Case No. 18-1306, Dkt. 19 (2d Cir. June 5, 2018) (citations omitted). Ermichine subsequently filed a Section 2241 motion in the Western District of Pennsylvania that was dismissed by the District Court, a decision that was affirmed by the Third Circuit. *See Ermichine v. Warden*, Case No. 18-244, 2019 WL 2928996, (W.D.P.A. July 8, 2019), *affd.* 802 F. App'x 667 (3d Cir. 2020).

On December 2, 2022, Defendant filed the instant motion for issuance of subpoenas *duces tecum* to inspect Mr. Sergei Kobozev's death certificate and autopsy records. ECF No. 116. Defendant claims the records are needed "for purposes of evaluating the feasibility of arguments in support of Defendant's anticipated motion to the Second Circuit for its certification of a successive habeas corpus petition." *Id.* at 2.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a petitioner is entitled to discovery only upon a finding of "good cause." Rules Governing § 2254 and 2255 Cases, Rule 6(a). "Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Ruine v. Walsh*, No. 00 CIV. 3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (internal quotation marks and citation omitted). Instead, a habeas petitioner must "present 'specific allegations that give the Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting *Bracy*, 520 U.S. at 908-09).

2

Ermichine has not met his burden.  Indeed, there is not even a pending "2255" or any other action.  Ermichine seeks these records "for purposes of evaluating the feasibility" of an "anticipated" motion for permission to file a successive habeas petition, suggesting that this motion is a "fishing expedition . . . merely to determine whether the requested items contain any grounds that might support his petition."  *Walsh*, 2005 WL 1668855 at *6.  Moreover, even if the records Ermichine seeks could support expert testimony that Kobozev's death was not caused by a broken neck, such testimony would be grossly inadequate to form a basis to conclude "by clear and convincing evidence that no reasonable factfinder would have found [Ermichine] guilty" of murdering Kobozev. 28 U.S.C. § 2255(h)(1).  The evidence at trial clearly established Ermichine's involvement throughout the assault and murder of Kobozev; he acted in concert with Nosov and Gozman to beat Kobozev, shoot him in the back, drive him to New Jersey, break his neck, and bury him in a friend's backyard.  There is no doubt that a reasonable jury could conclude that Ermichine was guilty of murder even if breaking Kobozev's neck did not cause his death.  Accordingly, Defendant's motion is denied.

SO ORDERED.

Dated:   April 18, 2023                                              /s/ Alvin Hellerstein_____
         New York, New York                                          ALVIN K. HELLERSTEIN
                                                                     United States District Judge