UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

- against -

VASILIY ERMICHINE,

                          Defendant.

------------------------------------X

**ORDER DENYING PETITION FOR A WRIT OF *AUDITA QUERELA***

00 Cr. 314 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Vasiliy Ermichine petitions for a writ of *audita querela* for his release from imprisonment, predicated on two non-retroactive Supreme Court decisions: *Missouri v. Frye*, 566 U.S. 134 (2012), imposing a requirement, under the Sixth Amendment, for defense attorneys to apprise their clients of the prosecution's plea offers; and *United States v. Booker*, 543 U.S. 220 (2005), making the federal Sentencing Guidelines advisory, rather than mandatory. Since Ermichine's petition is meritless, I deny it.

      Ermichine is currently serving a life sentence after his 2001 convictions, following a jury trial before Judge Robert L. Carter, of Racketeering, Racketeering Conspiracy, Murder in Aid of Racketeering, Kidnapping in Aid of Racketeering, and Conspiracy to Commit Kidnapping. ECF No. 40. His direct appeal was rejected by the Second Circuit in 2004. *See United States v. Nosov*, 119 F. App'x 311 (2d Cir. 2004). In 2011, Ermichine's § 2255 petition was denied by Judge Loretta A. Preska. ECF Nos. 81, 88. His motions for leave to file successive § 2255 petitions were denied by the Second Circuit in 2018 and 2019, respectively. ECF Nos. 92, 111. I denied Ermichine's motion for compassionate release, since the factors enumerated in 18 U.S.C. § 3553(a) militated against reducing his sentence. ECF No. 114.

1

"*Audita querela* is the name of a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." *United States v. Holder*, 936 F.2d 1, 2 (1st Cir. 1991) (citation omitted). As a form of a collateral attack, a writ of *audita querela* "remain[s] available in very limited circumstances with respect to criminal convictions." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). It is cognizable only "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007).

Here, neither *Frye* nor *Booker* apply retroactively on collateral review. *See Gallagher v. United States*, 711 F.3d 315, 315-16 (2d Cir. 2013) (*Frye*); *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005) (*Booker*). Thus, there is "no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions." *Richter*, 510 F.3d at 104. "As a result, a writ of *audita querela* does not lie." *Id.* Accordingly, I deny Ermichine's petition.

The Clerk of Court shall terminate ECF No. 132. She shall also mail a copy of this Order to Ermichine.

SO ORDERED.

Dated: June __, 2025
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2